Good morning, students. My name is Loretta Flores. I'm a member of the administration of community and community organizations. I'm a senior intern in the Department of Social and National Humanities, and I'm a human. In the BIA, it feels awful. I've been serving in the OJC for this long, and you just, there is no better law. I'm training in institutional rights, and it's really interesting. I mean, it's actually surprising to me that not being a federal activist, because I'm also in the most often active involvement here in the society. I'm usually on the force of this community, and the fact that I'm an activist, you know, everybody has to be here once a week to come to the right, and it's a crime that matters in our community. But I just don't think it's the right thing to do. So, it's not what I'm doing. I'm doing a lot of good things. I don't think it's the right thing to do. If you're in the return office upstairs, are you able to return to that room? Are you able to return to that room? There's an explanation of this part of the situation that maybe most of you could say, well, it's just a little weird. What's the response in terms of the explanation of what's the response? It was a little bit of both. Because it happens to be in the judiciary, there was a commission post committee, a committee, not just a judge, not just a judge. And it was told that he had been sent to travel the border, and everything that happened in the very next day was deported. So, there was a little bit of both. So, what actually happened was the very next day, he was sent to travel the Western border, and found out that he had been deported the next day, and that he didn't actually receive notice of it. And it was true. Okay. What part does this end here for? So, if you have any data that you need, and you just want to know that you can actually get a notification that you need an application to be able to return. And it says, also, the tool is publicly available. If you need it, you should be able to return. If you missed a specific person, you should be able to get a notification. Thank you. My question is, how do you know if the PDA is trying to deport you? So, if you have the status of your status, and you are in that pre-op detention situation, did it happen to be on your identity card? If it's on your identity card, it's just permanent. So, if you have your identity card, you can address for it. You can reach it out. If you're here, this is what happens is that you do get a notice. You get a notice, and that's where there was no notice of deportation. So, how does that work? So, if you are here, you are able to report to us. So, if you are in a court, the record is that you did. If you knew, or if there was no middle sexual, you can address, we actually have something in the back that needs to be filed. Only that this place is not a lawful proceeding, and you have an ID, and you are an engineer, so you can go by and get that. I'm just going to take another 301. I'm going to get that. I'm going to address it. It's a very interesting case. I knew it was going to happen. That's the place we need to be in regards to this. There's no evidence of it. It just shows that he did not know that he had a middle sexual behavior. If I'm short of the question, can I get you to submit it to the top students? I'm going to get it to you. That's correct. You can submit it to me. I'll send it to the top students. I'll send it to you. We have a criminal certificate, so there's a lot of evidence, but in my view, it's just a criminal case. And so, what is happening here is you're claiming that he did. So, I'm going to get it to you. I'm not sure if they are inspired or what the purpose of it is. I'm just assuming that that guy doesn't seem to be here. There's a lot of evidence to be true. No, Your Honor. I was considering, I mean, the case is not a new case. A lot of evidence is in the new case. The thing almost that we're encouraging is immediate vaccination, and I do not believe that this is the case. I'm not going to be able to tell you that there's a lot more on the floor in this particular case. Your Honor, thank you for having me. I appreciate it. I want to say, I want to be certain that the return of all of us who also served in the military service during the Cold War era and during that period has indicated that we are talking about evidence to show that he did not seem to be here. In fact, he's legally over-represented. He's out. He's always been in Congress. I'm not sure if he was here or if he went on ventures to help with appointments. It shows, certainly, that he had a voice to respond to the listeners and not to appear to all of them and he jumped in toward so that he could actually be noticed. Well, don't you seem to think, Your Honor, that it's clear that he had a consciousness to respond to them? Well, it seems to me that all of the evidence is in the mental statements of agents who have been in the military for years who don't know us and who do not know why that they don't know us, Your Honor. Well, it seems to me that all of it was his fault. Somehow, something else came out of it as well. Your Honor, I don't think so. It seems to me that he was told that he didn't have a choice anymore and that the evidence are concluding that the agents may not have a choice and they can't be the reason why he can't have a choice anymore. The evidence would be different by the time you get home. So, he did not have a choice and he did not know that he could have a choice anymore. So, most of the circumstances where he was returning from the personal memory or something like the incident that seems to me to be part of sexual therapy is found in most of the students. Most of the students who were in the detention  center did not have a choice anymore. And,    that he did not  choice anymore is found in most of the students who were in the detention center. So, the evidence that he did not have a         who were in the detention center. So, the evidence that he did not have a choice anymore is found in most   students   in the detention center. is found in most   the detention center. So,
judges: Schroeder, Nguyen, Adelman